IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

BRANDON MCCUTCHEON,

           Plaintiff,

v.                                                 CIVIL ACTION NO. 2:24-cv-00620

DESIGN 1 GROUP, LLC, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed *Defendants Connexus Credit Union and Solar Mosaic LLC's Consent Motion to Stay While the Court Considers and Resolves the Pending Motion to Compel Arbitration* (Document 14). Therein, the Defendants note that Solar Mosaic, LLC, filed a *Motion to Compel Arbitration* (Document 9) on November 18, 2024, and request that this case be stayed until the Court resolves that motion. The Defendants argue that a stay is appropriate because it is in the best interest of judicial economy, the Defendants would face hardship by having to conduct discovery, and the Plaintiff agrees to the stay and will not be prejudiced.

      "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (internal citation omitted). "In making this determination, the district court has broad discretion." *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, No. CV 3:15-14887, 2018 WL 11412001, at *1 (S.D.W. Va. Apr. 30, 2018) (Chambers, J.) (citing *Hickey v. Baxter*, 833 F.2d 1005, at *1 (4th Cir. 1987) (unpublished opinion)).

"Even with the court's broad discretion, however, '[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.'" *Id.* (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). In determining whether the movant has met this burden, the Court must consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 462 (S.D.W. Va. 2013) (Goodwin, J.) (internal quotation and citation omitted).

The Court finds that the Defendants have not demonstrated that a stay is appropriate. Reviewing a Rule 26(f) report, conducting a scheduling conference, and preparing a scheduling order are minimally, if at all, taxing on the Court. Additionally, staying this case for the moving Defendants, Connexus Credit Union and Solar Mosaic, LLC, while the case proceeds for Defendant Design 1 Group, LLC, would certainly not promote judicial economy. Further, the moving Defendants will not experience hardship by continuing with litigation until the Court resolves the motion to compel arbitration. Even if the motion to compel arbitration is resolved in the Defendants' favor, the parties must still conduct discovery for the arbitration proceedings, and therefore, proceeding now will not necessarily result in duplicate effort. Similarly, there is no hardship to the Plaintiff because, again, discovery will be necessary for arbitration, and there is no reason not to begin the litigation and discovery process as scheduled.

Wherefore, after careful consideration, the Court **ORDERS** that *Defendants Connexus Credit Union and Solar Mosaic LLC's Consent Motion to Stay While the Court Considers and Resolves the Pending Motion to Compel Arbitration* (Document 14) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.              ENTER: December 9, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA