IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRANDON MCCUTCHEON,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:24-cv-00620

DESIGN 1 GROUP, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Response to February 3, 2025, Order Seeking a Showing of Good Cause* (Document 27), wherein the Plaintiff responded to the Court's *Order* (Document 25) requiring him to show good cause as to why Defendants Design 1 Group, LLC, ("Design 1"), Chris Cole, and Jon Cole have not been served. For the reasons stated herein, the Court finds that the Plaintiff's request for additional time to serve the Defendants should be granted.

**PROCEDURAL HISTORY**

The Plaintiff initiated this case with the filing of a *Complaint* (Document 1-1) in the Circuit Court of Kanawha County, West Virginia, on October 17, 2024. The Plaintiff, a Design 1 customer, brought claims of fraud, negligence, breach of contract, and violations of the West Virginia Consumer Credit Protection Act (WVCCPA), against the Defendants. The Plaintiff further seeks to pierce Design 1's corporate veil to prosecute his claims against Defendants

Jennings Cole, Chris Cole, and Jon Cole. This action was removed to this Court on October 29, 2024, by Solar Mosaic, LLC, on the basis of diversity jurisdiction.

As of February 13, 2025, Design 1, Chris Cole, and Jon Cole still have not been served. In his *Response* (Document 27), the Plaintiff states that he attempted timely service on Design 1 and Chris Cole via the West Virginia Secretary of State, but that service was returned without being claimed. The Plaintiff states he also attempted to timely serve Chris Cole by certified mail, but the summons and complaint were returned as undeliverable. He requests an additional 45 days to effect service, stating that the unserved Defendants' proper addresses have been difficult to obtain, they have evaded service, and they will not be prejudiced by the additional time.

## DISCUSSION

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a defendant must be served within 90 days of filing of the complaint. Fed. R. Civ. P. 4(m). Where a case is removed from a state court to a federal district court, and one of the defendants was not served with process prior to removal, 28 U.S.C. § 1448 states that "such service or process may be completed or new service issued in the same manner" as in any case originally filed in a federal district court. 28 U.S.C. §1448. The filing of a notice of removal severs the authority of state courts over service of process, and brings the case under the Federal Rules of Civil Procedure. Taken together, Rule 4(m) and Section 1448 "combine to give a plaintiff 'a [90] day period following filing of a notice of removal in which service may be completed or started anew.'" *Aliff v. W.Va. Reg'l Jail & Corr. Facility Auth.*, No. 2:15-cv-13513, 2016 WL 5419444, at *3 (S.D.W. Va. Jan. 20, 2016) (Johnston, J.). Thus, if a plaintiff has failed to perfect service on a defendant prior to the filing of a notice of removal, removal gives the plaintiff an additional 90 days to perfect service in accordance with the applicable Federal Rules of Civil Procedure. *Id*.

If service is not perfected within 90 days, the court must determine whether the plaintiff has shown good cause for failing to timely effect service. *Id.* "The Fourth Circuit has explained that 'good cause' in the context of Rule 4(m) 'requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service.'" *Oakes v. Saul*, Civ. No. 1:19-00796, 2020 WL 3036006, at *1 (S.D.W. Va. Jun. 5, 2020) (Faber, J.). The plaintiff bears the burden of demonstrating good cause. *Id.* Several factors guide the determination of whether a plaintiff has demonstrated good cause, including whether:

> 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

*Scott v. Maryland State Dep't of Labor*, 673 F. Appx. 299, 306 (4th Cir. 2016). Good cause is determined on a case-by-case basis within the discretion of the district court. *Collins v. Thornton*, 782 F. Appx. 264, 267 (4th Cir. 2019). Rule 4(m) also requires the Court, upon a showing by the plaintiff of "good cause for the failure" to serve a defendant, to "extend the time of service for an appropriate period." Fed. R. Civ. P. 4(m).

Applying the pertinent factors, the Plaintiff has shown good cause under Rule 4(m) for an extension of service. The delay in service has primarily been a result of the unserved Defendants' addresses being out of date and incorrect, rather than the Plaintiff's own negligence in effecting service. The Plaintiff has acted diligently and made reasonable efforts to serve the Defendants thus far by attempting service through certified mail and the West Virginia Secretary of State. Finally, there will be no prejudice to the unserved Defendants by allowing the Plaintiff additional time to complete service, particularly because the case is in its infancy and substantial discovery

3

has not occurred. For these reasons, the Court finds there is good cause to extend the Plaintiff's time to effect service for an additional 45 days from the date of this order.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the Plaintiff's request for 45 additional days to effect service be **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 24, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA